Terry J. Solander Garnett City Attorney 131 West Fifth Street P.O. Box H Garnett, Kansas 66032
Dear Mr. Solander:
You request our opinion concerning whether a police officer may arrest a person who is in apparent violation of a restraining order issued under the protection from abuse statutes or in a divorce situation where the court has restrained a certain person or persons from interfering with the other or from coming on to the property of another. Evidently, city police officers have encountered situations where a woman has a restraining order prohibiting her husband or boyfriend from coming on to the premises where she resides. However, a reconciliation takes place wherein the woman allows the man to enter the premises. Unfortunately, if attempts at reconciliation fail, the woman then calls the police alleging a violation of the restraining order.
In determining whether police officers may arrest the perpetrator under those circumstances, we review the pertinent statutes. K.S.A. 1993 Supp.60-3107(a)(1) and (2) provide, in relevant part, as follows:
 "(a) The court shall be empowered to . . . grant any of the following orders:
 "(1) Restraining the parties from abusing, molesting or interfering with the privacy or rights of each other or of any minor children of the parties. Such order shall contain a statement that if such order is violated, such violation may constitute assault as provided in K.S.A. 21-3408 . . . or battery as provided in K.S.A. 21-3412. . . .
 "(2) Granting possession of the residence or household to a party to the exclusion of the other party, and further restraining the party not granted possession from entering or remaining upon or in such residence or household. . . . Such order shall contain a statement that if such order is violated, such violation shall constitute criminal trespass as provided in subsection (c) of K.S.A. 21-3721. . . ." (Emphasis added).
Subsection (g) of K.S.A. 1993 Supp. 60-3107 provides, as follows:
 "(g) If a person enters or remains on premises or property violating an order issued pursuant to subsection (a)(2), such violation shall constitute criminal trespass as provided in subsection (c) of K.S.A. 21-3721, and amendments thereto. If a person abuses, molests or interferes with the privacy or rights of another violating an order issued pursuant to subsection (a)(1), such violation may constitute assault as provided in K.S.A. 21-3408 . . . or battery as provided in K.S.A. 21-3412. . . . "
K.S.A. 1993 Supp. 60-1607(a)(1) and (2) provides, in relevant part:
 "(a) After a petition for divorce, annulment or separate maintenance has been filed, the judge . . . may, . . . make . . . orders which:
 "(1) Jointly restrain the parties with regard to disposition of the property of the parties and provide for the use, occupancy, management and control of that property;
 "(2) restrain the parties from molesting or interfering with the privacy or rights of each other."
K.S.A. 1993 Supp. 21-3721(a)(1)(C) provides, as follows:
"(a) Criminal trespass is:
 "(1) Entering or remaining upon or in any land . . . structure . . . by a person who knows such person is not authorized or privileged to do so, and:
 "(C) Such person enters or remains therein in defiance of a restraining order issued pursuant to K.S.A. 60-1607, 60-3105, 60-3106 or 60-3107 . . . and the restraining order has been personally served upon the person so restrained. . . ."
Violation of a restraining order issued pursuant to K.S.A. 1993 Supp.60-3107 or 60-1607 constitutes criminal trespass and it is not the province of the police to decide whether a person's anticipated defense to the charge has merit. This is a matter for the prosecuting attorney to decide in determining whether to prosecute under K.S.A. 1993 Supp. 21-3721,21-3408 (assault), or 21-3412 (battery). Furthermore, K.S.A. 1993 Supp.22-2307(a)(1) requires that police officers "shall make an arrest when they have probable cause to believe that a crime is being committed or has been committed." Therefore, if the police officer has probable cause to believe that a person has violated a restraining order which has been personally served upon the person so restrained, the police officer has a duty to arrest the perpetrator for criminal trespass and possibly assault or battery.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm